## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

GREGORIA SOBREAL-REYES and
PAUL REAS,

      Plaintiffs,

v.                                    Case No: 5:20-cv-155-Oc-30PRL

NATIONSTAR MORTGAGE, LLC,

      Defendant.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant's Partial Motion to Dismiss Plaintiffs' Complaint (Dkt. 16) and Plaintiffs' Response in Opposition (Dkt. 19). The Court, having reviewed the motion and response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiffs initiated this action against Defendant as a result of property inspection fees charged to Plaintiffs after they defaulted on their mortgage.   Plaintiffs allege that the property inspection fees charged to Plaintiffs were more than the amount actually paid by Defendant.   In the Complaint, Plaintiffs' assert causes of action for violating the Fair Debt Collection Practices Act (Counts I and II), violating the Florida's Consumer Collection Practices Act (Count III), constructive fraud (Count IV).   Defendant moves to dismiss Plaintiffs' claim for constructive fraud.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted.   When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).   It must also construe those factual allegations in the light most favorable to the plaintiff.   *Hunt v. Aimco Properties, L.P.*, 1, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).   A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).   Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

**DISCUSSION**

Defendant argues that Plaintiffs' constructive fraud claim should be dismissed with prejudice because Plaintiffs fail to allege that a fiduciary or confidential relationship existed between Plaintiffs and Defendant.   In response, Plaintiffs argue that a fiduciary or confidential relationship may arise between a borrower and lender when special circumstances exist.   Because Plaintiffs allege the existence of special circumstances in their Complaint, Plaintiffs assert that Defendant's motion to dismiss should be denied. The Court agrees.

2

Constructive fraud exists when a duty arising from a confidential or fiduciary relationship has been abused or where an unconscionable advantage had been taken. *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 390 F.Supp.2d 1170, 1179 (M.D. Fla. 2005).  "Florida courts have construed the term 'fiduciary or confidential relation' as being very broad." *Linville v. Ginn Real Estate Co., LLC*, 697 F.Supp.2d 1302, 1309 (M.D. Fla. 2010).  "Constructive fraud, unlike actual fraud, does not require a showing of intent or of a misrepresentation or concealment and thus a claim for constructive fraud need only meet the liberal pleading requirements of Rule 8." *Id.*

Generally, the relationship between a lender and a borrower is not a fiduciary one. *Linville*, 697 F.Supp. 2d at 1309.  But, there are special circumstances in which a fiduciary relationship between a lender and a borrower may develop.  *Id.*  The special circumstances include where the lender '(1) takes on extra services for a customer, (2) receives any greater economic benefit than from a typical transaction, or (3) exercises extensive control.'  *Mahdavieh v. Suntrust Mortg., Inc.*, No. 13-62801-CIV, 2014 WL 1365425, at *5 (S.D. Fla. Apr. 7, 2014) (quoting *Bldg. Educ. Corp. v. Ocean Bank*, 982 So. 2d 37, 41 (Fla. 3d DCA 2008)); *see also Gordon v. Chase Home Finance, LLC*, No. 8:11-cv-2001-T-33EAJ, 2012 WL 75068, at *5 (M.D. Fla. Mar. 7, 2012) (concluding that the amended complaint adequately stated a claim for breach of fiduciary duty where the plaintiffs alleged that the lender received a greater economic benefit from the typical mortgage transactions in form of "kickbacks").

Here, Plaintiffs allege that Defendant "took on the extra contractual service of ordering and charging for property inspections," "exercised exclusive control on who

3

performed the property inspections and the amount charged for each property inspection," and "received a greater economic benefit than what was contemplated under the mortgage" because of charging Plaintiffs more than the actual cost of each property inspection.  (Dkt. 1, ¶¶ 141, 143, 145-147).   Given the liberal pleading requirements of Rule 8 and Plaintiffs' allegations pertaining to the special circumstances in which a fiduciary relationship may develop, the Court concludes that Plaintiffs' allegations are sufficient to withstand Defendant's motion to dismiss Plaintiffs' claim for constructive fraud.

It is therefore ORDERED AND ADJUDGED that Defendant's Partial Motion to Dismiss Plaintiffs' Complaint (Dkt. 16) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of July, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record